## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Tony Lendell Reed,

    Plaintiff,

v.

United States Attorney Office
District of Minnesota,

    Defendant.

Case No. 24-cv-539 (JMB/DTS)

**REPORT AND RECOMMENDATION**

    This matter comes before the Court on Plaintiff Tony Lendell Reed's (1) Complaint, Dkt. No. 1, and (2) Application to Proceed in District Court Without Prepaying Fees or Costs, Dkt. No. 4 (IFP Application). For the following reasons, the Court recommends dismissing this action and denying the IFP Application as moot.

    Reed is a federal prisoner incarcerated at the U.S. Penitentiary–Coleman I in Sumterville, Florida. *See* Docket. This incarceration followed Reed's conviction in a criminal matter handled in this district: *United States v. Reed*, No. 18-CR-0015(1) (D. Minn.). In that matter, a jury found Reed guilty of various robbery-related crimes in February 2019, and U.S. District Judge Joan N. Ericksen later sentenced Reed to (as relevant here) 240 months imprisonment. *See, e.g.*, Verdict Form 1–2, *United States v. Reed*, No. 18-CR-0015(1) (D. Minn. Feb. 1, 2019); J. in a Criminal Case 2, *United States v. Reed*, No. 18-CR-0015(1) (D. Minn. May 29, 2019).[1] Reed filed a direct appeal of his

---

[1] Citations to materials filed in federal proceedings use the page numbers provided by the Court's CM/ECF electronic-filing system. Furthermore, this Report and Recommendation cites various documents from Reed's criminal matter, though these do not appear in this action's docket. Because these materials are public court records, the Court may take judicial notice of them. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir.

conviction and sentence, but the U.S. Court of Appeals for the Eighth Circuit affirmed the district-court judgment. *See United States v. Reed*, 978 F.3d 538, 540 (8th Cir. 2020). Since that unsuccessful appeal, Reed has filed numerous motions in his criminal action to reduce or vacate his sentence, but these have all been unsuccessful. *See generally* Docket, *United States v. Reed*, No. 18-CR-0015(1) (D. Minn.).

This action commenced on February 20, 2024, when the Court received the Complaint. *See* Docket.[2] The Complaint names one defendant: the U.S. Attorney's Office for the District of Minnesota (USAO). *See* Compl. 1.

Reed purports to bring this action under the Freedom of Information Act (FOIA), 5 U.S.C. § 552. *See id.* at 2. Reed states that in September 2019, he submitted to the USAO a "written request pursuant to the [FOIA]." *Id.* at 3. He asserts that the USAO has "r[e]fus[ed]" that request, and that the "information" he seeks "cannot be compiled independently." *Id.* For relief, Reed asks for an "injunctive order compelling the [USAO] to disclose the information sought by [Reed's] request" as well as a "declaratory judgment . . . declaring that the information request[] be granted." *Id.*

Rather than pay this action's filing fee, Reed submitted the IFP Application. That filing indicates that as a financial matter, Reed likely qualifies for *in forma pauperis* (IFP) status. But under Rule 12(h)(3) of the Federal Rules of Civil Procedure, if a "court determines at any time that it lacks subject-matter jurisdiction [over an action], the court

---

2005) (citing *United States v. Eagleboy*, 200 F.3d 1137, 1140 (8th Cir. 1999)); *Clayborne v. Minn. Dep't of Corrs.*, No. 23-CV-3612 (JMB/TNL), 2024 WL 3105956, at *1 n.2 (D. Minn. June 24, 2024) (citing *Stahl v. U.S. Dep't of Agric.*, 327 F.3d 697, 700 (8th Cir. 2003)).

[2] The Complaint bears the case number of Reed's criminal action, *see* Compl. 1, but this District's Clerk of Court—presumably because Reed called the document a complaint—entered it as a new civil action in this District.

must dismiss [it]." *Cf. Sac & Fox Tribe of the Miss. in Ia., Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006) ("Once the district court became aware that it lacked subject matter jurisdiction, it had no choice but to dismiss the claim." (citing *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)).

As noted above, Reed seeks to bring this action under the FOIA. Under 5 U.S.C. § 552(a)(4)(B), "[o]n complaint, the district court of the United States in the district in which the complainant resides . . . or in which the agency records are situated . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." Under this wording, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980); *see also, e.g.*, *Hussein v. Barr*, No. 19-CV-0292 (JRT/HB), 2019 WL 5150039, at *8 (D. Minn. July 31, 2019) (quoting *Kissinger*), *report and recommendation adopted*, 2019 WL 4463402 (D. Minn. Sept. 18, 2019), *aff'd*, No. 19-3083, 2020 WL 1492027 (8th Cir. Jan. 21, 2020). And it is typically the plaintiff's burden to establish a court's subject-matter jurisdiction over an action. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)); *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 917 (8th Cir. 2015) (quoting *Kokkonen*-reliant caselaw).

The upshot of this discussion is that here Reed carries the burden of showing that the USAO has improperly withheld agency records from him. The Complaint plainly does not do so. It says almost nothing about Reed's request, aside from stating that he made it in September 2019. Critically, the Complaint provides no detail on what Reed requested

or why the USAO is required to honor that request. *See generally* Compl. Reed thus has not met his burden of establishing this Court's jurisdiction over this action.

The Court therefore recommends dismissing this action without prejudice for lack of jurisdiction. Given this recommendation, the Court further recommends denying the IFP Application as moot.

## RECOMMENDATION

Based upon the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. This action be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(h)(3) for lack of subject-matter jurisdiction.

2. Plaintiff Tony Lendell Reed's application to proceed *in forma pauperis*, Dkt. No. 4, be **DENIED** as moot.

3. Reed be **ORDERED** to pay the unpaid balance of this action's filing fee—that balance is presently $295.91—as required by 28 U.S.C. § 1915(b).

4. The Clerk of Court be **ORDERED** to send notice of Reed's payment obligation to authorities where Reed is incarcerated.

Dated: August 7, 2024                    ‎    s/David T. Schultz‎    
‎                                        DAVID T. SCHULTZ  
‎                                        U.S. Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being

4

served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).